CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 22 2020

JULIA C. DUDLEY, CLERK
BY: /s/ Seagle
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 7:11CR00036 |
| | (CASE NO. 7:20CV81450) |
| v. | **MEMORANDUM OPINION** |
| JOHN HENRY CONNER, JR., | By: Hon. Glen E. Conrad |
| | Senior United States District Judge |
| Defendant. | |

The defendant, John Henry Conner, Jr., a federal inmate proceeding pro se, filed a pleading titled "motion for sanctions." Mot. 1, ECF No. 45. In this motion, Conner alleges that counsel provided ineffective assistance and that the prosecutor failed to comply with a plea agreement provision. Finding that Conner appeared be challenging the lawfulness of his criminal conviction and/or sentence as imposed, the court construed and conditionally filed his submission as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. As required, the court notified Conner and offered him an opportunity to elect whether or not to have his motion addressed as a § 2255 action. See Castro v. United States, 540 U.S. 375 (2003). Conner has responded by objecting and providing additional information about his motion for sanctions. After review of the record, the court now dismisses the § 2255 action, Case No. 7:20CV81450,[1] without prejudice and denies Conner's submission as a motion for sanctions, because it is without merit.

Conner's motion for sanctions alleges the following events and claims. On May 21, 2011, Conner signed a plea agreement for eleven to fifteen years in prison because his attorney

---

[1] The court notes that since filing his objections, Conner has filed a new pleading titled "MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY MOTION UNDER 28 U.S.C. § 2255." This submission has been docketed in Case No. 7:10CV00040 and Case No. 7:11CR00036, because the guilty pleas and sentences in these cases were closely related. The new motions in these cases will be addressed, jointly, as a new and separate § 2255 motion. See Case Nos. 7:20CV81455 and 7:20CV81456.

told him that if he assisted law enforcement, he would be "brought back to Court to rec[ei]ve the low end" of the guideline range. Mot. 1, ECF No. 45. However, Conner is still serving a fifteen-year sentence. His attorney informed him that the Assistant United States Attorney ("AUSA") did not believe that Conner's statements and testimony were truthful. The AUSA did not offer a polygraph test to verify her belief (as provided in the plea agreement), discontinued the investigation, and did not move for his sentence to be reduced as he expected. Conner asserts that the AUSA's actions violated "Rule 9(b) pleading special matters," apparently because she did not "state with particularity the circumstances constituting fraud or mistake." Id. at 2. Conner also asserts that the government erred in charging him for a conspiracy without prosecuting his coconspirators and that his trial attorney provided ineffective assistance.

As stated, the court construed Conner's contentions as claims attacking his conviction and/or sentence—claims that should be raised in a § 2255 motion. Conner objects, saying that he is not ready to pursue a § 2255 motion and that he understands that he cannot "be resentenced without a 2255." Resp. 2, ECF No. 47. As relief, Conner asks the court to "sanction" the AUSA by requiring her (or another AUSA) to explain why Conner was not brought back to court, why he never received a polygraph, and why he was charged with conspiracy with no codefendants.

The court is unaware of any legal authority under which Conner is entitled to demand the relief he seeks. Certainly, Rule 9(b), as Conner quotes it, carries no such authority. It is included in the Federal Rules of Civil Procedure, which do not govern federal criminal cases. Except in limited circumstances, the court may not modify a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35. These provisions do not include any legal remedy by which a federal criminal defendant may demand explanations of past events or impose any type of sanctions on a federal prosecutor. Similarly, § 2255 does not authorize

such an action. Finding no authority for the relief Conner seeks, the court will deny his so-called motion for sanctions. An appropriate order will enter herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant and to counsel of record for the United States.

ENTER: This 21st day of October, 2020.

_____
Senior United States District Judge