IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. 7:10CR00040 |
| ) | (CASE NO.  7:20CV81458) |
| ) | |
| v. ) | |
| ) | |
| JOHN HENRY CONNER, JR., ) | |
| ) | |
| Defendant. ) | |
| | |
| UNITED STATES OF AMERICA ) | CASE NO. 7:11CR00036 |
| ) | (CASE NO.  7:20CV81459) |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JOHN HENRY CONNER, JR., ) | By:  Hon. Glen E. Conrad |
| ) | Senior United States District Judge |
| Defendant. ) | |

John Henry Conner, Jr., proceeding pro se, has moved to vacate, set aside, or correct his federal sentences, pursuant to 28 U.S.C. § 2255. Conner is challenging the validity of his confinement pursuant to the judgments of this court entered June 12, 2012. Upon consideration of the § 2255 motion filed in both criminal cases and the record, the court concludes that the actions must be summarily dismissed as untimely filed.[1]

I.

On February 10, 2011, a grand jury of this court returned a nine-count superseding indictment, Case No. 7:10CR00040, charging that on November 15, 2008, Conner maliciously damaged a building by fire (Count One), that he and co-defendant Whitney Lynn Roberts conspired to tamper with witnesses (Count Two), and that they intimidated and harassed

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the defendant's submissions and the record of prior court proceedings that he is not entitled to relief.

witnesses (Counts Three through Nine). Roberts pleaded guilty, pursuant to a plea agreement, but Conner proceeded to a jury trial.

After four days of testimony, on May 23, 2011, Conner elected to pled guilty, pursuant to a Rule 11(c)(1)(C) written plea agreement, to the following: (1) a one-count information, Case No. 7:11CR00036, charging that beginning in November 2008 and continuing through January 26, 2009, Conner conspired with another to use fire to commit a felony with the intent to fraudulently obtain insurance proceeds; and (2) Counts One through Seven and Count Nine of the superseding indictment in Case No. 7:10CR00040. In exchange for the guilty plea, among other things, the parties agreed that (a) the government would move for the dismissal of Count Eight; (b) Conner would receive a sentence between eleven and fifteen years in prison; (c) he would be given an opportunity to earn a substantial assistance motion; (d) he would be granted maximum credit for acceptance of responsibility; (e) he would pay restitution; and (f) he would waive his right to appeal and his right to bring a collateral attack, unless he sought to raise claims of ineffective assistance of counsel. The court accepted the plea and imposed concurrent terms of 180 months on all counts. Conner did not appeal his federal convictions or sentences. After the federal proceedings, he was returned to state custody until 2015, when he entered federal custody.

Conner signed and dated this § 2255 motion, filed in both criminal cases, on December 1, 2020.[2] He alleges that (a) counsel displayed a conflict of interest by recommending a plea agreement that included a collateral attack waiver; (b) counsel provided ineffective assistance by failing to raise a double jeopardy claim; (c) counsel provided ineffective assistance during the jury trial by allowing hearsay, failing to impeach witnesses, and failing to explain the plea

---

[2] Conner filed a motion for sanctions in August of 2020 that the court construed as a § 2255 motion, and submitted a § 2255 motion in October of 2020, but he elected not to pursue these filings, which were dismissed without prejudice.

agreement's collateral attack waiver; and (d) the prosecution failed to inform Conner that the plea agreement presented a conflict of interest with his attorney. As relief, Conner asks the court to void his plea agreement and order his release.

The court filed the § 2255 motion conditionally, notified Conner that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised him that failure to provide such information might result in dismissal of the actions as untimely. Conner has responded, and the court will consider his timeliness arguments.

II.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the § 2255 motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the

defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, the court entered the judgment against Conner on June 12, 2012. Because he did not appeal the judgment, his conviction became final on June 26, 2012, when his opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A). He then had one year, until June 26, 2013, in which to file a timely § 2255 motion. Conner filed his § 2255 motion, at the earliest, on December 1, 2020.[3] Therefore, his motion is untimely under § 2255(f)(1).

Conner asserts that he did not try to challenge his federal sentence for several years, because his trial attorney told him that he had waived his opportunity to do so, pursuant to the plea agreement. Conner states that in July of 2020, he "was given a hunch to investigate his case." Resp. at 4, Case No. 7:10CR00040, ECF No. 250. He then obtained a copy of his plea agreement and mailed it to an attorney, who proposed the claims raised in the current § 2255 motion. Although Conner could not afford to hire the attorney to file the motion, Conner then researched the claims himself in the prison law library and discovered the option to file a § 2255 motion seeking habeas corpus relief. In addition, Conner asserts that his trial attorney's alleged conflict of interest regarding the collateral attack waiver should excuse the untimeliness of the § 2255 motion. The court cannot find any factual basis on which to conclude that Conner timely filed his § 2255 claims.

First, Conner states no facts triggering calculation of his time limit under a different subsection of § 2255(f). He does not allege that any governmental impediment prevented him from raising his claims in a timely manner, that any of his claims is based on a right newly

---

[3] A prisoner's § 2255 motion is considered filed on the date he delivered the document to prison officials for mailing with postage prepaid, rather than the date on which the district court received it. See Rule 3(d), Rules Governing Section 2255 Proceedings; United States v. Burl, 81 F. App'x 443 (4th Cir. 2003) (unpublished). For purposes of this memorandum opinion, the court will assume that Conner delivered his § 2255 motion to prison officials for mailing on the day that he dated and signed the motion, December 1, 2020.

recognized in a recent, retroactive Supreme Court decision, or that any claim is based on facts not known to him within one year of the judgment. Conner's alleged recent discovery of previously available legal claims does not restart his one-year filing period under any subsection of § 2255(f).

Second, Conner does not describe any circumstance that warrants the invocation of equitable tolling. To warrant equitable tolling of the filing period, the defendant must "establish[ ] two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc). Conner's equitable tolling arguments fail under both facets of this standard.

Conner admits that he let eight years go by without investigating his case for possible § 2255 claims. This record simply does not support a finding of due diligence. Conner blames his delay on advice from his trial attorney that his plea agreement included provisions waiving his right to appeal and to collaterally attack his convictions and sentence. See Resp. at 4 (alleging that "he never petition[ed] to challenge the unconstitutionality of his sentence" because his trial attorney "informed him that he couldn't appeal because he had given up his right to do so"). Conner further asserts that his trial attorney operated under a conflict of interest by having him sign a plea agreement containing a waiver of collateral attack rights. Contrary to Conner's belief, however, he did not waive his right to assert claims of ineffective assistance of counsel, a fact of which he was expressly advised when he read and initialed each page of the plea

5

agreement.  See Plea Agreement at 8, Case No. 7:10CR00040, ECF No. 180 ("I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, <u>unless such attack is based on ineffective assistance of counsel</u> . . . .") (emphasis added).  Thus, the plain language of the plea agreement expressly contradicts Conner's claim that the waiver of collateral attack rights "hamper[ed] him from later challenging his counsel's advice" and therefore created a conflict of interest between him and his trial attorney.  Resp. at 3.  Finally, Conner has not shown that any extraordinary circumstance outside his control prevented him from seeking to vindicate his rights within the one-year filing period defined in § 2255(f)(1).  Therefore, the court concludes that Conner has not demonstrated any basis for equitable tolling.

Finding Conner's § 2255 motion to be untimely filed, the court will summarily dismiss the actions.  An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

**ENTER**:  This \_\_10th\_\_ day of February, 2021.

_____

Senior United States District Judge